IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATYYO GRAY**,

*Petitioner*,

v.

CAUSE NO. 3:22-CV-199-CWR-FKB

**SUPERINTENDENT BRAND HUFFMAN,**

*Respondent*.

## ORDER

This matter is before the Court pursuant to the Report and Recommendation of the United States Magistrate Judge, which was entered on January 17, 2023. Docket No. 21. The Report and Recommendation notified the parties that failure to file written objections to the findings and recommendations contained therein within 14 days after service would bar further appeal in accordance with 28 U.S.C. § 636. *Id*.

On January 30, 2023, Petitioner filed a *Motion for Extension of Time to File a Response* as to the Report and Recommendation. Docket No. 22. The Court granted Petitioner's motion and set a deadline for February 24, 2023. Petitioner filed another *Motion for Extension of Time to File a Response* on March 7, 2023 and requested a deadline of March 10, 2023. Docket No. 23. The Court again granted Petitioner's motion, and the Petitioner filed his objection to the Report and Recommendation on that date. Docket No. 24.

On review, though, Petitioner reasserts several claims that have already been adjudicated and that are simply inconsistent with existing case law.

First, and most importantly, Petitioner has not shown that the Magistrate Judge's analysis of the (un)timeliness of this habeas petition was incorrect. Petitioner simply filed his habeas action too late.

In an attempt to prove actual innocence and thereby overcome the statute of limitations, Petitioner maintains that his Fifth and Sixth Amendment rights were violated on multiple grounds related to "newly discovered exculpatory evidence." Docket No. 24 at 4. As articulated by the Magistrate Judge and Petitioner, that evidence consisted of: 1) email communications between a police investigating detective and the victim's mother relating to life insurance proceeds, which demonstrated the police's failure to investigate the mother's actions and mental conditions; and 2) police emails showing newly discovered evidence of medical reports from the State's medical expert that were not disclosed at trial. *Id*. at 20-21. Petitioner articulates these arguments in terms of *Brady* violations.

The Magistrate Judge analyzed Petitioner's contentions and thoroughly explained them as unpersuasive. The "*Brady* violations" Petitioner refers to consist of the same arguments that the Mississippi Supreme Court rejected in reaching its decision on Petitioner's motion for post-conviction relief. Accordingly, they do not constitute new evidence of actual innocence.

Because Petitioners' claims fail, this Court hereby adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. Accordingly, this case is dismissed with prejudice.

A separate Final Judgment will issue.

**SO ORDERED**, this the 14th day of March, 2023.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE