IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATYYO GRAY**,

*Petitioner*,

v.

**SUPERINTENDENT BRAND HUFFMAN,**

*Respondent*.

CAUSE NO. 3:22-CV-199-CWR-FKB

# ORDER

Before the Court is the Petitioner's *Motion for Reconsideration*. Docket No. 28. Upon review, the motion will be denied.

On March 14, 2023, the Court adopted the Magistrate Judge's Report and Recommendation as the Order of this Court. Docket No. 26. The Court found that the Petitioner had not shown that the Magistrate Judge's analysis of the (un)timeliness of his habeas petition was incorrect. *Id*. It also found the Petitioner's attempt to assert "*Brady* violations" to prove actual innocence and overcome the statute of limitations unpersuasive. *Id*. The Court noted that the Petitioner's arguments consisted of the same arguments that the Mississippi Supreme Court rejected in reaching its decision on the Petitioner's motion for post-conviction relief and thus did not constitute new evidence of actual innocence. *Id*.

The present motion followed. Docket No. 28. In it, the Petitioner once again repeats the same claims that the Court considered when adopting the Magistrate Judge's Report and Recommendations. *Id.*

Rule 59(e) of the Federal Rules of Civil Procedure govern motions for reconsideration filed after issuance of a Final Judgment. That rule "[s]erves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Motions for reconsideration are "[n]ot the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *McCullars v. McCool*, Cause No: 2:12-cv-73, 2013 WL 6116672, at *2 (E.D. Tex. Nov. 20, 2013) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Having carefully reviewed the arguments raised in the Petitioner's motion, the Court finds that there has been no showing that its March 14, 2023 Order and Final Judgment included manifest errors of law or fact, and no presentation of newly discovered evidence. Accordingly, the Petitioner's *Motion for Reconsideration* is denied.

**SO ORDERED**, this the 12th day of April, 2023.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE